UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD MACK BENNETT,

                            Plaintiff,                  9:16-CV-0653
                                                                          (BKS/CFH)

    v.

CORRECTION OFFICER C. COLUMBE; et al.,

                            Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

DONALD MACK BENNETT
11-A-2997
Plaintiff, pro se
Westchester County Jail
P.O. Box 10
Valhalla, NY 10595

HON. ERIC T. SCHNEIDERMAN                  KATIE E. VALDER, ESQ.
New York Attorney General                         Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

This action was brought pro se by plaintiff Donald Mack Bennett seeking redress for the violation of his constitutional rights during his confinement at Clinton Correctional Facility ("Clinton C.F.") in the custody of the Department of Corrections and Community Supervision ("DOCCS").[1]  Upon review of plaintiff's third amended complaint (Dkt. No. 19) in

---

[1] Plaintiff was released from DOCCS custody to parole supervision on May 10, 2017.  *See* Dkt. No. 51. Since approximately May 11, 2017, plaintiff has been confined in the Westchester County Jail.  *See* Dkt. No. 52.

accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, this Court granted plaintiff's application to proceed in forma pauperis and directed a response to his Eighth Amendment excessive force claims from defendants C.O. Columbe and DOCCS Acting Commissioner Anthony J. Annucci. Dkt. No. 20. Plaintiff's remaining claims were dismissed without prejudice. *Id*. at 9.

An answer to the amended complaint was filed on behalf of defendants on January 10, 2017. Dkt. No. 30. The discovery completion deadline in this action is set for November 20, 2017; dispositive motions, if any, must be filed no later than January 6, 2018. Dkt. No. 72 (Hummel, M.J.).[2]

Presently before the Court are two letter motions from plaintiff requesting injunctive relief. Dkt. Nos. 68, 73.

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014)

---

[2] A motion to dismiss for failure to state a claim has been filed on behalf of defendant Annucci. Dkt. No. 55. Plaintiff opposes the motion. Dkt. No. 57. This motion has been referred to Magistrate Judge Christian F. Hummel for issuance of a Report and Recommendation.

(quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[3]

In his first motion, plaintiff contends that his parole was improperly revoked and requests the Court's "assistance" in securing his release back to parole supervision "so that I may be able to conclude with this very sufficient meritorious claim." Dkt. No. 68. Plaintiff's second letter motion seeks an order of this Court regarding plaintiff's medical care at the Westchester County Jail, where he is presently confined. Dkt. No. 73. More specifically, plaintiff seeks an order directing that he receive certain medications which had been prescribed during his DOCCS confinement, a colonoscopy, and knee surgery. *Id*.

Defendants oppose the motions and urge their denial. Dkt. No. 74. Defendants contend that the requested relief is not available because plaintiff is no longer in DOCCS custody and defendants "have no means to provide relief plaintiff seeks, i.e., they have no authority to mandate medical treatment at the Westchester County Jail nor the authority to

---

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

demand release from same." *Id*. at 2. Defendants further contend that because plaintiff seeks relief from non-parties relating to his current confinement at the Westchester County Jail, his motions afford no basis upon which relief may be granted in this action. *Id*. at 2-3.

The Court has reviewed plaintiff's motions thoroughly and with due regard for his status as a pro se litigant. Liberally construed, plaintiff complains of misconduct by unidentified parole officials and medical staff at the Westchester County Jail. None of the misconduct is attributed to C.O. Columbe or DOCCS Acting Commissioner Annucci, the only defendants in this action. Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *see also United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988). As a result, there is no basis in the record upon which the Court could find that the issuance of preliminary injunctive relief is warranted.

Plaintiff's motions are therefore denied.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motions seeking preliminary injunctive relief (Dkt. Nos. 68, 73) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  September 26, 2017
        Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge