**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DONALD MACK BENNETT,

                Plaintiff,

       v.                                   No. 9:16-CV-653
                                                              (BKS/CFH)

CORRECTION OFFICER
C. COLUMBE; et al.,

                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

DONALD MACK BENNETT
11-A-2997
Westchester County Jail
P.O. Box 10
Valhalla, New York 10595
Plaintiff pro se

HON. ERIC T. SCHNEIDERMAN        KATIE E. VALDER, ESQ.
Attorney General for the              Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendant

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff Donald Mack Bennett ("Bennett" or "Plaintiff"), an inmate who was, at all relevant times, in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983. Dkt. No. 19 ("Am. Compl."). Presently before the Court is defendant Anthony J. Annucci's ("Annucci") motion

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

for judgment on the pleadings pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(c). Dkt. No. 55. Plaintiff opposed the motion. Dkt. No. 57. Defendant Annucci filed a reply. Dkt. No. 60. For the following reasons, it is recommended that defendant Annucci's motion for judgment on the pleadings be granted.

## I. BACKGROUND

The facts are related herein in the light most favorable to Bennett as the non-moving party. See subsection II(A), infra. At all relevant times, Bennett was confined to Clinton Correctional Facility ("Clinton C.F."). Dkt. No. 19 ("3d Am. Compl.") at 2-4. In October 2015, defendant Correction Officer C. Columbe ("Columbe") allegedly used excessive force against Bennett as he exited his cell for sick call. Id. at 2-3. Bennett claims that he wrote to Annucci complaining about ongoing misconduct and asserts that Annucci, in his capacity as "head administrator" of DOCCS, "failed to supervise personnel at Clinton [C.F.]" and "trian [sic]" subordinates to insure the safety and well-being of inmates. Id. at 2, 4. Specifically, Bennett alleges that: (1) Columbe used excessive force in violation of the Eighth Amendment; and (2) Annucci failed to supervise and train the staff at Clinton C.F. See 3d Am. Compl., generally. Bennett seeks compensatory and punitive relief. See id. at 5.

## II. DISCUSSION[2]

As relevant here, defendant requests judgment on the pleadings, arguing that: (1) the

---

[2] All unpublished opinions cited to by the Court in this Report–Recommendation and Order are, unless otherwise noted, have been provided to plaintiff pro se.

Eleventh Amendment bars recovery from Annucci in his official capacity; and (2) Bennett failed to adequately allege that Annucci was personally involved in the alleged constitutional violations.[3]

### A.  Legal Standard

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw, 448 F.3d 518, 521 (2d Cir. 2006) (citing Karedes v. Ackerley Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005)).  The Court is required to "accept[ ] as true the complaint's factual allegations and draw[ ] all inferences in the plaintiff's favor." Id.  However, this "tenet . . . is inapplicable to legal conclusions [; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

To defeat a motion to dismiss or a motion for judgment on the pleadings, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal

---

[3] Defendants have not moved for judgment on the pleadings with respect to the excessive force claim against defendant Columbe.

3

evidence of illegal [conduct] .")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).

However, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555 (citations omitted).  Although a complaint attacked under the standard set forth in Rule 12(b)(6) does not require detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

### B.  Eleventh Amendment

Defendant argues that plaintiff's suit is barred by the Eleventh Amendment insofar as he seeks damages against defendant Annucci in his official capacity.  Dkt. No. 55-2 at 9. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)).  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its

4

agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

A suit against a state official in his or her official capacity is a suit against the entity that employs the official. Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself," rendering the latter suit for money damages barred even though asserted against the individual officer. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Here, because Bennett seeks monetary damages against a defendant for acts occurring within the scope of his duties, the Eleventh Amendment bar applies and serves to prohibit claims for monetary damages against him in his official capacity. Graham, 473 U.S. at 166. Accordingly, it is recommended that defendant Annucci's motion on this ground be granted.

### C. Personal Involvement

Defendant Annucci contends that plaintiff has failed to demonstrate his personal involvement in the alleged constitutional violations as "[p]laintiff merely alleges that Commissioner Annucci is the 'head administrator' of DOCCS." Dkt. No. 55-2 at 6-7. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory

officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation[;]
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong[;]
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom[;]
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts[;] or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (spacing added) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).[4] However, where a plaintiff's sole claim involvement of the supervisory defendant is that a superintendent affirmed a denial of a grievance, such is not sufficient to establish personal involvement. Joyner v. Greiner, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002). Moreover, a supervisor may delegate the responsibility to others, and personal involvement does not lie where the only allegation was that the defendant referred a complaint to the appropriate department or staff for

---

[4] Various courts in the Second Circuit have postulated how, if at all, the Iqbal decision has affected the five Colon factors which were traditionally used to determine personal involvement. Pearce v. Estate of Longo, 766 F.Supp. 2d 367, 376 (N.D.N.Y. 2011), rev'd in part on other grounds sub nom., Pearce v. Labella, 473 F. App'x 16 (2d Cir. 2012) (summary order) (recognizing that several district courts in the Second Circuit have debated Iqbal's impact on the five Colon factors); Kleehammer v. Monroe Cnty., 743 F.Supp. 2d 175, 182 (W.D.N.Y. 2010) (holding that "[o]nly the first and part of the third Colon categories pass Iqbal's muster . . . ."); D'Olimpio v. Crisafi, 718 F.Supp. 2d 340, 347 (S.D.N.Y. 2010) (disagreeing with the conclusion that Iqbal eliminated Colon's personal involvement standard).

6

investigation. Ortiz-Rodriguez v. N.Y. State Dep't of Corr. Servs., 491 F. Supp. 2d 342, 347 (W.D.N.Y. 2007). Finally, assertions of personal involvement that are merely speculative are insufficient to establish a triable issue of fact. See, e.g., Brown v. Artus, 647 F.Supp. 2d 190, 200 (N.D.N.Y. 2009).

Bennett claims that Annucci was personally involved in his constitutional deprivations because he sent Annucci letters and grievances. See 3d Am Compl. at 4. To the extent that Bennett seeks to establish defendant's knowledge of Bennett's complaints through his sending letters and grievances, such argument must fail. Generally, mere assertions that a plaintiff forwarded letters or grievances to a supervisory defendant are insufficient to establish that defendant's' personal involvement. See Johnson v. Wright, 234 F.Supp.2d 352, 363 (S.D.N.Y. 2002) ("It is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold the official liable for the alleged violation.") (quotations omitted). However, the Second Circuit has concluded that,

> [a]t the pleading stage, even if [the plaintiff] had no knowledge or information as to what became of his Letter after he sent it, he would be entitled to have the court draw the reasonable inference—if his amended complaint contained factual allegations indicating that the Letter was sent to the [defendant] at an appropriate address and by appropriate means—that the [defendant] in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [the plaintiff] complained.

Grullon v. City of New Haven, 720 F.3d 133, 141 (2d Cir. 2013); but see Bodie v. Morgenthau, 342 F.Supp.2d 193, 203 (S.D.N.Y. 2004) ("While mere receipt of a letter from a prisoner is insufficient to establish individual liability . . . [p]ersonal involvement will be found . . . where a supervisory official receives and acts on a prisoner's grievance or

7

otherwise reviews and responds to a prisoner's complaint.").

Here, Bennett does not provide sufficient factual detail in his third amended complaint to support his claim that the grievances and letters he sent to Annucci establish personal involvement. See 3d Am. Compl. He "does not allege that he sent the letters to the proper addresses by appropriate means, or that the that defendant[] received the letters and read them," nor does he contend that Annucci personally took action to investigate his letters. Simpson v. Overbaugh, 9:15-CV-180 (DNH/CFH), 2015 WL 7444369, at *5 (N.D.N.Y. Sept. 25, 2015) (citing Grullon, 720 F.3d at 141); see Bodie, 342 F.Supp. 2d at 203; see also Ramos v. Artuz, 00 Civ. 0149 (LTS/HBP), 2001 WL 840131, at *8-10 (S.D.N.Y. July 25, 2001) (finding personal involvement where a defendant "sent plaintiff numerous letters containing some explanation or justification concerning the issues raised by plaintiff in his letters"). Bennett has failed to plausibly allege that Annucci had personal knowledge of the alleged constitutional violations. Thus, Bennett has not established defendant Annucci's personal involvement through the mere sending of letters or grievances. See Grullon, 720 F.3d 133 at 141-42. Further, Bennett may not hold Annucci liable merely because he is in a position of authority within the prison system. See Colon, 58 F.3d at 874 ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain Colon's claim.").

Moreover, Bennett presents no factual allegations to support the conclusory claim that defendant was grossly negligent in his supervision of subordinates,[5] or exhibited deliberate

---

[5] To support a finding of personal involvement based on a failure to supervise, [the p]laintiff must show that [the defendant] "'knew or should have known that there was a high degree of risk that [his subordinates] would behave inappropriately'" and "'either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury to [Plaintiff].'" Hoyt v. Prack, No. 13-CV-920S, 2016 WL 929336, at *6

indifference[6] to Bennett's constitutional rights. See Colon, 58 F.3d at 873. Bennett's conclusory claims, without more, do not suffice to defeat defendant Anucci's motion. See Twombly, 550 U.S. at 555; White v. Clark, No. 9:12-CV-986 (NAM/RFT), 2012 WL 5877160, at *9-10 (N.D.N.Y. Nov. 20, 2012) (dismissing a plaintiff's supervisory libaility claims when the complaint merely alleged "in wholly conclusory fashion that [the defendants] exhibited 'deliberate indifference' to the staff misconduct."); Liner v. Goord, 582 F. Supp. 2d 431, 433 (W.D.N.Y. 2008) (dismissing conclusory allegations of deliberate indifference and gross negligence).

Accordingly, it is recommended that Annucci's motion for judgment on the pleadings dismissing all claims against defendant Annucci be granted.

### III. Conclusion

**WHEREFORE**, based on the reasons set forth above, it is hereby:

**RECOMMENDED**, that defendant Annucci's motion for judgment on the pleadings (Dkt. No. 55) be **GRANTED** and that judgment be entered for Annucci on all claims;

**ORDERED**, that this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1( c), the parties have ten days

---

(W.D.N.Y. Mar. 11, 2016) (internal citations omitted).

[6] "In order to state a supervisory liability claim on the basis of deliberate indifference, a plaintiff must allege three elements: (1) that the supervisor had a duty to intervene and prevent the constitutional violation, (2) 'that the supervisor ha[d] actual or constructive notice of unconstitutional practices carried out by his supervisees—which notice triggered his duty to intervene—yet deliberately failed to take such action, thereby breaching this duty,' and (3) that this failure proximately caused the plaintiff's injury. Fabian v. Bukowski, 9:16-CV-878 (LEK/DEP), 2017 WL 1483385, at *4 (quoting Murphy v. N.Y. Racing Ass'n, 76 F. Supp. 2d 489, 500 (S.D.N.Y. 1999) (additional citation and internal quotation marks omitted)).

within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court**.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

   **IT IS SO ORDERED.**

Dated: October 17, 2017
         Albany, New York

Christian F. Hummel
U.S. Magistrate Judge