UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DONALD MACK BENNETT,**

      **Plaintiff,**

v.                 9:16-CV-0653 (BKS/CFH)

**CORRECTION OFFICER C. COLUMBE,** *et al.,*

      **Defendants.**
_____

**Appearances:**

Donald Mack Bennett
11-A-2997
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953
Plaintiff, pro se

Katie E. Valder, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

  Plaintiff Donald Mack Bennett, a New York State inmate, commenced this civil rights action asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at Clinton Correctional Facility. Dkt. No. 19. On May 31, 2017, Defendant Annucci filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Dkt. No. 55. Plaintiff filed a response on June 8, 2017. Dkt. No. 57. Defendant Annucci filed a reply on June 9, 2017. Dkt. No. 60. This matter was referred to United States Magistrate Judge Christian F. Hummel who, on October 17,

2017, issued a Report-Recommendation and Order recommending that Defendant Annucci's motion be granted. Magistrate Judge Hummel explained that any official capacity claims against Defendant Annucci for monetary damages are barred by the Eleventh Amendment and that as the Complaint fails to sufficiently allege that Defendant Annucci was personally involved in Plaintiff's constitutional deprivations, the individual capacity claims must be dismissed as well. Dkt. No. 76. Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. Dkt. No. 76, pp. 9-10.

On November 1, 2017, Plaintiff filed a motion seeking leave to amend the complaint. Dkt. No. 77. Plaintiff did not specify on what ground he wishes to amend the Complaint and has not submitted a proposed amended complaint. Moreover, even viewed liberally, nothing in Plaintiff's filing can be construed as an objection to the Report-Recommendation.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Report-Recommendation is adopted in its entirety.

In recognition of Plaintiff's status as a pro se litigant, in view of his request to amend, and because it seems possible that Plaintiff may be able to assert cognizable claims with better pleading, leave to file an amended complaint as to Defendant Annucci, within thirty (30) days of the date of this Order, is granted. In any amended complaint, Plaintiff must clearly set forth the facts that give rise to the claims against Defendant Annucci, including the dates, times, and places of the alleged underlying acts. In addition, the revised pleading should allege facts

demonstrating Defendant Annucci's specific involvement in the constitutional deprivations and with sufficient detail to establish that he was tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 76) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Annucci's motion for judgment on the pleadings (Dkt. No. 55) is **GRANTED;** and it is further

**ORDERED** that to the extent Plaintiff seeks to file an amended complaint as to Defendant Annucci (Dkt. No. 77), his motion is **GRANTED**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint as to Defendant Annucci within thirty (30) days of the date of this Order; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  December 6, 2017

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge