**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DONALD MACK BENNETT,

                             Plaintiff,                No. 9:16-CV-653
                                                       (BKS/CFH)

         v.

CORRECTION OFFICER C.
COLUMBE,

                            Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Donald Mack Bennett<br>685 Main Street<br>New Rochelle, New York 10801<br>Plaintiff pro se | |
| Attorney General for the<br>  State of New York<br>The Capitol<br>Albany, New York 12224<br>Attorney for Defendant | NICOLE E. HAIMSON, ESQ.<br>Assistant Attorney General |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Donald Mack Bennett ("plaintiff"), a former inmate who was, at all

relevant times, in the custody of the New York Department of Corrections and Community

Supervision ("DOCCS") brings this action pursuant to 42 U.S.C. § 1983, alleging that

corrections officer ("C.O.") C. Columbe – who, at all relevant times, was employed at

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to
28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Clinton Correctional Facility ("Clinton") – violated his constitutional rights under the Eighth Amendment.  <u>See</u> Dkt. No. 19 ("Third Am. Compl.").  Presently pending before the Court is defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Dkt. No. 90.  Plaintiff opposed defendant's motion.  Dkt. No. 95.  For the following reasons, it is recommended that defendant's motion be granted.

### I. Magistrate Jurisdiction

On April 19, 2018, plaintiff filed a letter motion requesting that the undersigned "withdraw . . . [from] hearing summary judgment/or presiding over trial . . . [due to] a conflict of interest between said judge and (AAG) Ms. Valder."  Dkt. No. 110 at 1.  Plaintiff also requested that District Court Judge Sannes "grant claimant/plaintiff back onto her calendar hearing the continuation of said case[.]"  <u>Id.</u>  Pursuant to 28 U.S.C. § 636 and N.D.N.Y. L.R. 72.3, a magistrate judge has the authority to conduct all proceedings designated to him or her by the district court.  <u>See</u> 28 U.S.C. § 636 "[A] [ ] United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."); N.D.N.Y. L.R. 72.3(c) ("[A]ny proceeding that an unrepresented prisoner commences, and any proceeding commenced under 28 U.S.C. §§ 2241 and 2254, may, unless the Court orders otherwise, be referred to a Magistrate Judge for the purpose of reviewing applications, petitions and motions in accordance with these Rules and 28 U.S.C. § 636.").  Although a litigant can consent to a magistrate judge's full

jurisdiction over a case, a party cannot refuse a magistrate judge's involvement of issuing a report-recommendation and order.  See Ebbing v. Butler Cnty., Ohio, No. 1:09-CV-00039, 2010 WL 4117458, at *2 (S.D. Ohio Oct. 19, 2010) ("The Magistrate Judge was well within his authority in this matter to issue his Report and Recommendation, as statute expressly permits that 'a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court' . . . . The Magistrate Judge's Report and Recommendation, however is not dispositive in nature, but rather serves as a recommendation to this Court, which in this instant Order is adjudicating this matter.") (quoting 28 U.S.C. § 636(b)(1)(A)); see also Reaves v. City of Mullins, No. 4:09-816-TLW-SVH, 2011 WL 116834, at *3-4 (D. S.C. Jan. 12, 2011) (denying the plaintiff's motion for reconsideration due to the magistrate judge's involvement in rendering a decision where well-settled law supported that the "case was appropriately referred to and administrated by the magistrate judge."); Lombardelli v. Halsey, No. 1:08-CV-00658-AWI-DLB PC, 2012 WL 4089944, at *1 (E.D. Cal. Sept. 17, 2012) (denying the plaintiff's objection to the magistrate judge's involvement in the action as the magistrate judge's "issuance of the order . . . [was] well within [his] duties and authority.").

Thus, as the undersigned is within his authority as a magistrate judge to issue a Report-Recommendation and Order, it is recommended that plaintiff's letter motion (Dkt. No. 110) be denied.  The undersigned reminds plaintiff that the district court judge will review this Report-Recommendation and Order, and that plaintiff will have the opportunity to submit objections should he disagree with the undersigned's recommendation.  See 28 U.S.C. § 636 ("Within fourteen days after being served with a copy, any party may serve

and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

## II. Background

Plaintiff alleges that on November 16, 2015, C.O. Columbe subjected him to excessive force while escorting him to sick call.  See Third. Am. Compl. at 2; Dkt. No. 90-1 ¶ 10.[2]  On November 24, 2015, plaintiff wrote a letter entitled "Grievance" concerning C.O. Columbe's alleged excessive force.  Dkt. No. 90-1 ¶ 10.  On December 1, 2015, plaintiff

---

[2] In support of this motion, defendant filed a Statement of Material Facts.  Local Rule 7.1(a)(3) states:

> Summary Judgment Motions
>
> Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits.
>
> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

N.D.N.Y. L.R.  7.1(a)(3).

4

submitted a grievance utilizing the DOCCS-generated grievance form concerning the alleged November 16, 2015 excessive force incident.  Id. ¶ 11.  Plaintiff's November 24, 2015 letter and December 1, 2015 grievance were consolidated and filed under one grievance (CL-68201-15).  Id. ¶ 12.  On December 7, 2015, plaintiff filed the complaint in this action.  Id. ¶ 14.  On December 18, 2015, the Superintendent issued a response, and on February 11, 2016, the Central Officer Review Committee ("CORC") received plaintiff's appeal.  Id. ¶¶ 15, 16.  CORC rendered a decision on grievance CL-68201-15 on April 27, 2016.  Id. ¶ 17.

### III. Discussion[3]

### A. Legal Standard

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party has the burden of showing the absence of disputed material facts by providing the Court with portions of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which support the motion.  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it may affect the outcome of the case as determined by substantive law, such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In determining whether

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

summary judgment is appropriate, [the Court will] resolve all ambiguities and draw all reasonable inferences against the moving party." Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

To avoid summary judgment, a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Carey v. Crescenzi, 923 F.2d 18, 19 (2d Cir. 1991) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (internal quotation marks omitted). A non-moving party must support such assertions by evidence showing the existence of a genuine issue of material fact. See id. "When no rational jury could find in favor of the non-moving party because the evidence to support is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Services, Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally," . . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d

6

185, 191-92 (2d Cir. 2008).

## B. Exhaustion

Defendant contends that plaintiff failed to exhaust his administrative remedies prior to commencing this action.  See Dkt. No. 90-2 ("Def. Mem. of Law") at 5-9.   Plaintiff contends that he exhausted his administrative remedies.  See generally Dkt. No. 95.  The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration.  See Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 82 (2006).  The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter, 534 U.S. at 532. Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages. Id. at 524. To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated.  See Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted).

Although the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply."  Ruggiero v. Cty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citation omitted).  The Supreme Court recently held that "[c]ourts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement."  Ross v. Blake, __ U.S. __,136 S. Ct. 1850, 1862 (2016).  Thus, the "special

circumstances" exception in <u>Hemphill v. New York</u>, 680 F.3d 680, 686 (2d Cir. 2004) is no longer consistent with the statutory requirements of the PLRA.  <u>Williams v. Priatno</u>, 829 F.3d 118, 123 (2d Cir. 2016).[4]

Although <u>Ross</u> eliminates the "special circumstances" exception, courts must still consider the PLRA's "textual exception to mandatory exhaustion."  <u>Ross</u>, 136 S. Ct. at 1858.  Under this exception, courts must determine whether administrative remedies were "available" to a prisoner.  <u>Id.</u>  The Supreme Court identified three circumstances where administrative remedies may be unavailable to a prisoner.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  <u>Id.</u> at 1859 (citing <u>Booth v. Churner</u>, 532 U.S. 731, 736, 738 (2001)).  "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use."  <u>Id.</u>  Lastly, administrative remedies are unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  <u>Id.</u> at 1860.

## 1. Did Plaintiff Exhaust his Administrative Remedies?[5]

---

[4] In <u>Williams v. Priatno</u>, the Second Circuit debated <u>Ross</u>'s effect on <u>Hemphill</u>'s estoppel exception.  <u>See Williams</u>, 829 F.3d at 123.  The <u>Williams</u> Court stated that "<u>Ross</u> largely supplants our <u>Hemphill</u> inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate."  <u>Id.</u> (citing <u>Ross</u>, 136 S. Ct. at 1858-59).

[5] First, the inmate must file a complaint with an inmate grievance program ("IGP") clerk within twenty-one days of the alleged incident.  N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(a)(1).  An IGP representative has sixteen calendar days to informally resolve the issue.  <u>Id.</u> § 701.5(b)(1).  If no informal resolution occurs, the IGRC must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing.  <u>Id.</u> §§ 701.5(b)(2)(i)-(ii).  If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's

It is well-settled that "the PLRA requires that an inmate plaintiff must exhaust his available administrative remedies before commencing a lawsuit in federal court with respect to prison conditions." Peoples v. Beldock, 212 F. Supp. 2d 141, 142 (W.D.N.Y. 2002); see McMillian v. Walters, No. 9:16-CV-0277 (MAD/DJS), 2017 WL 8894737, at *2 (N.D.N.Y. Dec. 18, 2017) ("The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action.") (citation omitted); White v. Drake, No. 10-CV-1034 (GTS/DRH), 2011 WL 4478988, at *3 (N.D.N.Y. Aug. 11, 2011) ("Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit.") (citation omitted).

Here, plaintiff has completed the first step of the grievance process. The record is clear that plaintiff filed two grievances pertaining to excessive force claims against C.O. Columbe on November 24, 2015 and December 1, 2015, respectively. See Dkt. No. 90-6 at 5-6. The Clinton Inmate Grievance Resolution Committee ("IGRC") consolidated the two grievances, and filed them as one grievance (CL-68201-15). See id. However, plaintiff filed the initial complaint in this action on December 7, 2015, eleven days before the Superintendent issued a response and approximately four months before CORC rendered their final determination. See Dkt. Nos. 1; 90-6 at 10 (Superintendent's decision), 12

---

determination to the facility superintendent within seven calendar days of receipt of the determination. Id. § 701.5(c)(1). If the superintendent's determination is unfavorable, the inmate may appeal to CORC within seven days after receipt of the superintendent's determination. Id. §§ 701.5(d)(i)-(ii). CORC must review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate], the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received." Id. § 701.5(d)(3)(ii). Parties do not dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5.

(CORC decision).  Despite plaintiff's claim otherwise, he did not fully exhausted his administrative remedies prior to commencing this action.  There is no indication that the grievance process was unavailable to plaintiff as he fully exhausted his claim in April 2016. See id. at 12.

"Ordinarily, the proper remedy where a prisoner has failed to satisfy the exhaustion requirement is to dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint."  Brown v. Napoli, 687 F. Supp. 2d 295, 298 (W.D.N.Y. 2009); see also Morales v. Mackalm, 278 F.3d 126, 128 (2d Cir. 2002) (dismissal for failure to exhaust should be without prejudice to refiling following exhaustion).  Dismissal is required even in cases where the exhaustion requirement is met subsequent to the filing of the complaint.  See Rossi v. Fishcer, No. 13-CV-3167 (PKC)(DF), 2015 WL 769551, at *4 (S.D.N.Y. Feb. 24, 2015).  Thus, although plaintiff received a written decision from CORC on April 27, 2016, dismissal is the appropriate remedy.  See Couvertier v. Jackson, No. 9:12-CV-1282 (DNH/DEP), 2014 WL 2781011, at *3 (N.D.N.Y. June 19, 2014) ("In the event the defendant establishes that the inmate plaintiff failed to fully complete [ ] the administrative review process prior to commencing the action, the plaintiff's complaint is subject to dismissal.") (internal citation and quotation marks omitted); Chalif v. Spitzer, No. 9:05-CV-1355 (LEK/DEP), 2008 WL 1848650, at *13 (N.D.N.Y. Apr. 23, 2008) ("The fact that a grievance is filed, or the process is completed, subsequent to commencement of suit will not salvage an otherwise premature filing.").  Moreover, it is well-settled that "a post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was

commenced." <u>Shepherd v. Lempke</u>, No. 9:10-CV-1524, 2017 WL 1187859, at *3 (N.D.N.Y. Mar. 30, 2017) (quotation marks omitted) (citing cases).    Therefore, the undersigned finds that plaintiff's two subsequent amendments to his complaint do not cure his failure to exhaust.

Accordingly, as plaintiff did not fully exhaust his administrative remedies prior to commencing this action, it is recommended that defendant's motion be granted, and plaintiff's third amended complaint be dismissed without prejudice.

## IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby:

**RECOMMENDED**, that plaintiff's letter motion (Dkt. No. 110) be **DENIED**; and it is further

**RECOMMENDED**, that defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 90) be **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's third amended complaint (Dkt. No. 19) be **DISMISSED** in its entirety, without prejudice; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.    Such objections shall be filed with the Clerk of the Court.    **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[6]

> Dated: July 17, 2018
> Albany, New York

> Christian F. Hummel
> U.S. Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).

12