UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD MACK BENNETT,

                              Plaintiff,              9:16-cv-0653 (BKS/CFH)

v.

CORRECTION OFFICER C. COLUMBE,

                              Defendant.
_____

**APPEARANCES:**

Donald Mack Bennett
Westchester County Jail
P.O. Box 10
Valhalla, NY 10595
*Plaintiff pro se*

Erik Boule Pinsonnault, Esq.
Assistant Attorney General
New York State Attorney General's Office
The Capitol
Albany, NY 12224
*Attorney for Defendant*

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Plaintiff Donald Mack Bennett, a former inmate with the New York Department of Corrections and Community Supervision, brought this action under 42 U.S.C. § 1983 alleging that Corrections Officer Christopher Columbe used excessive force against Plaintiff at the Clinton Correctional Facility in violation of his rights under the Eighth Amendment. (Dkt. No. 19). On February 5, 2018, Defendant filed a motion for summary judgment seeking dismissal of the third amended complaint in its entirety because Plaintiff failed to exhaust his administrative remedies before commencing this action. (Dkt. No. 90). Plaintiff filed an opposition to the

motion on February 22, 2018. (Dkt. No. 95). On April 19, 2018, Plaintiff filed a letter motion requesting that United States Magistrate Judge Christian F. Hummel withdraw from the case due to an alleged conflict. (Dkt. No. 110). This matter was referred to United States Magistrate Judge Christian F. Hummel who, on July 17, 2018, issued a Report-Recommendation and Order recommending that plaintiff's letter motion (Dkt. No. 110) be denied, that Defendant's motion for summary judgment (Dkt. No. 90) be granted and that Plaintiff's third amended complaint (Dkt. No. 19) be dismissed in its entirety, without prejudice. (Dkt. No. 118). Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.*, at 11–12).[1]

On August 9, 2018, in response to Plaintiff's request for an extension, the Court extended the due date for objections to August 31, 2018. (Dkt. No. 121). On August 31, 2018, Plaintiff filed a document captioned "motion reply answer to defendant summary judgment" containing thirteen "objections" which do not appear to be related to the Report-Recommendation. (Dkt. No. 123). Because it appeared that Plaintiff's address changed around the time the Report-Recommendation was issued, and it was unclear from Plaintiff's submission whether he had received the Report-Recommendation, on September 17, 2018, the Court re-served the Report-Recommendation and granted Plaintiff another extension of time, to September 26, 2018, to file objections. (Dkt. No. 124). On September 26, 2018, Plaintiff filed a letter seeking a further extension, to November 30, 2018, because he is bedridden. (Dkt. No. 125).

This court reviews *de novo* those portions of the Magistrate Judge's findings and

---

[1] The Report-Recommendation was served via regular and certified mail on July 17, 2018, but the Court did not receive a return receipt for the certified mailing. (Dkt. No. 118). In a letter dated July 3, 2018, and filed on August 8, 2018, Plaintiff informed the Court that he had been detained "since 7/25/18" and provided his new address. (Dkt. No. 120).

recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

Here, there are no properly raised objections to Magistrate Judge Hummel's Report-Recommendation. The document Plaintiff filed on August 31, 2018, (Dkt. No. 123), does not contain objections to the Report-Recommendation. Out of an abundance of caution, however, the Court has reviewed the Report-Recommendation de novo, and concurs with the recommendation for the reasons set forth in the Report. As Magistrate Judge Hummel explained, this case must be dismissed without prejudice to refiling because Plaintiff filed the initial complaint in this action on December 7, 2015, before his grievance had been exhausted. (Dkt. No. 118, at 9–10). To the extent Plaintiff seeks to pursue this claim he needs to refile his complaint. Given these circumstances, Plaintiff's request for a sixty-day extension to file objections to the Report-Recommendation is denied.

For these reasons, it is hereby

**ORDERED** that Plaintiff's letter motion seeking an extension (Dkt. No. 125) is **DENIED**; and it is further

recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

Here, there are no properly raised objections to Magistrate Judge Hummel's Report-Recommendation. The document Plaintiff filed on August 31, 2018, (Dkt. No. 123), does not contain objections to the Report-Recommendation. Out of an abundance of caution, however, the Court has reviewed the Report-Recommendation de novo, and concurs with the recommendation for the reasons set forth in the Report. As Magistrate Judge Hummel explained, this case must be dismissed without prejudice to refiling because Plaintiff filed the initial complaint in this action on December 7, 2015, before his grievance had been exhausted. (Dkt. No. 118, at 9–10). To the extent Plaintiff seeks to pursue this claim he needs to refile his complaint. Given these circumstances, Plaintiff's request for a sixty-day extension to file objections to the Report-Recommendation is denied.

For these reasons, it is hereby

**ORDERED** that Plaintiff's letter motion seeking an extension (Dkt. No. 125) is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter motion seeking the recusal of Magistrate Judge Hummel (Dkt. No. 110) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 118) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 90) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's third amended complaint (Dkt. No. 19) is **DISMISSED** in its entirety, without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 27, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

4